# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL FUSELIER, ET AL** | : | **CIVIL ACTION NO. 19-1456** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **EVEREST NATIONAL INSURANCE** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Pending before the court is an Amended Motion for Leave to File Complaint of Intervention [doc. 22] filed by Travelers Property Casualty Company of America (hereinafter referred to as "Travelers-WC"). The motion is unopposed.

For the following reasons **IT IS RECOMMENDED** that the Motion be **GRANTED** and that all claims be **DISMISSED WITHOUT PREJUDICE** pursuant to the provisions of Rule 19 of the Federal Rules of Civil Procedure.

## I.
### BACKGROUND

This case arises from an automobile accident which occurred on October 22, 2018. Plaintiff, Michael Fuselier, claims he was injured while in the course and scope of his employment with Evoqua Water Technologies, LLC. Doc. 1, att. 2, pp. 1-2. Doc. 22, p. 1. Michael Fuselier and Leah Sheffield[1] (collectively referred to as "plaintiffs"), both Louisiana residents, filed suit in the 14th Judicial District Court, Parish of Calcasieu, Louisiana, on October 1, 2019. Doc. 1, att. 2, pp. 1-5. They named as

---

[1] Ms. Sheffield, plaintiff's wife, asserted a claim for loss of consortium, services, and society as a result of the injuries sustained by Michael Fusilier. Doc. 1, att. 2, p. 3. She was incorrectly named Leah Fuselier in the Original Petition and the First Amending and Supplemental Complaint [doc. 15] corrected this mistake.

defendants Everest National Insurance Company ("Everest"), Steel Painters, Inc. ("Steel"), Jeffery Deshotels ("Deshotels"), and Travelers Property Casualty Company of America ("Travelers-UM"). *Id.* at p. 1.

On November 8, 2019, Everest, Steel, Deshotels, and Travelers-UM removed this action to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1. According to the Notice of Removal, Everest is a corporation incorporated in the State of Delaware with its principal place of business in New Jersey; Steel is a Texas limited liability company whose sole member is Judd Adams a resident of the State of Texas; Deshotels is a resident of the State of Texas; and Travelers-UM is incorporated in the State of Connecticut with its principal place of business in Connecticut. *Id.* Defendants further maintained that damages exceeded $75,000 so that diversity jurisdiction was satisfied. *Id.*

On January 8, 2020, Travelers-WC filed a Motion to Intervene [doc. 16] and proposed Petition for Intervention [doc. 16, att. 1] alleging that it was the worker's compensation insurer for Evoqua Water Technologies, LLC, plaintiff Michael Fuselier's employer, and that it provided medical and indemnity coverage to Fuselier. Travelers-WC alleges that it is subrogated to the rights of Fuselier and entitled to intervene to be reimbursed for any benefits it paid. *Id.* at ¶ 8.

When faced with a motion to intervene such as that filed here, we routinely review the motion and its attachments to determine whether the purported intervenor has provided sufficient information to determine whether the intervention is one of right and whether or not it would destroy this court's diversity jurisdiction. Federal courts have a duty to examine the basis of subject matter jurisdiction *sua sponte*. *Gonzalez v. Thaler,* 565 U.S. 134, 141 (2012). In this case we found the motion and its attachments insufficient to allow us to make that determination and on January 9, 2020 we issued an order directing Travelers-WC to amend its Motion to Intervene "to set forth the citizenship of the

proposed intervenor and to brief the court on whether this intervention does or does not destroy diversity jurisdiction." Doc. 17.

On January 17, 2020, Travelers-WC filed its Amended Motion for Leave to File Complaint of Intervention which is currently before the court. Doc. 22. Upon reviewing the amended motion we find that, for reasons stated by the purported intervenor, it is an intervenor of right under Rule 24(a)(2) and it is an indispensable party and required to be joined under Rule 19(a). If allowed to intervene Travelers-WC would be aligned as a plaintiff.[2] Since both Travelers-WC and Travelers-UM are both citizens of the State of Connecticut, allowing Travelers-WC to intervene would destroy this court's diversity jurisdiction.

## II.
### LAW AND ANALYSIS

District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). "Complete diversity" requires that no defendant can be from the same state as any plaintiff. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

If a district court has original jurisdiction over at least one claim in a case, it may exercise supplemental jurisdiction over other claims under 28 U.S.C. § 1367. *See, e.g.*, *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997). When original jurisdiction is based solely on diversity, however, a district court cannot exercise supplemental jurisdiction over claims brought by an intervenor if that intervenor is aligned as a plaintiff and its presence in the case destroys diversity. 28

---

[2] *See Johnson v. Qualawash Holdings, LLC*, 990 F.Supp.2d 629, 633 (W.D. La. 2014)(relying on the case of *Dushane v. Gallagher Kaiser Corp.*, 2005 WL 1959151, *6 (W.D. La., Aug. 10, 2005) which found that the intervening employer who paid worker's compensation benefits should be aligned as an intevenor plaintiff because the employer would "align itself with [the employee], as it is in the employer's interest to maximize their recovery against Defendants and thereby increase the potential for [the employer] to recover all the worker's compensation benefits it has already paid to [the employee].").

U.S.C. § 1367(b).  When a party who would destroy diversity jurisdiction seeks to intervene as a plaintiff, the court must deny the motion.  *See Griffin v. Lee*, 621 F.3d 380, 387 (5th Cir.2010).

Courts in this circuit have repeatedly found that insurers or employers that have paid plaintiffs' worker's compensation benefits are intervenors of right under Rule 24(a)(2) and indispensable parties under Rule 19(a).[3]

Travelers-WC makes three arguments in support of its motion to intervene.  First, it maintains that its intervention would not destroy diversity because it "does not assert legal claims against Travelers-UM."  Doc. 22, p. 4.  Travelers-WC cites no authority to support its suggestion that it has no right or claim against Travelers-UM and, while Travelers-WC may not assert a claim against Travelers-UM, the latter is nonetheless a defendant in this lawsuit and potentially liable to plaintiff (and Travelers-WC if allowed to intervene) for plaintiff's injuries.

Next, for the same reason stated above, Travelers-WC asserts that we have supplemental jurisdiction under 28 U.S.C. § 1367(b) over its intervention claim.  *Id.* at pp. 6-9.  This argument is misplaced as Section 1367(b) explicitly prohibits the exercise of supplemental jurisdiction over Rule 24 intervenor-plaintiffs when their presence in the case would destroy diversity jurisdiction.

Finally, relying on the case of *Westra Const., Inc. v. U.S. Fidelity & Guar. Co.*, 546 F.Supp.2d 194 (M.D. Pa., April 30, 2008), Travelers-WC asserts since it was not an indispensable party under Rule 19 at the inception of the underlying litigation, the court is allowed to exercise supplemental jurisdiction over the intervention notwithstanding the lack of diversity.  Doc. 22, pp. 9-13.  In that case the court found that, since the potential intervenor's interest in the lawsuit did not arise until

---

[3] *See, e.g. Johnson v. Qualawash Holdings, LLC*, 990 F.Supp.2d 629, 640 (W.D. La. 2014)("Under Louisiana law, if [the potential intervenor] does not intervene in this suit, it loses its right to recover from any third party tortfeasors under Louisiana's worker's compensation scheme."); *Youngblood v. Rain CII Carbon, LLC*, 2014 WL 2547588, at *3 (W.D. La. June 4, 2014)*; Brown v. Pennsylvania Lumbermans Mut. Ins. Co.*, 2016 WL 7175619, *3 (M.D. La. Dec. 8, 2016).

more than three years after the lawsuit was filed, the intervenor was not an indispensable party at the inception of the litigation and it's intervention was not barred by the § 1367(b) exception to supplemental jurisdiction.[4] *Westra* at 200. Our case is distinguishable from *Westra*, however, in that Travelers-WC is an indispensable party to this litigation and its interest in the lawsuit, to be reimbursed for payments made to plaintiff, preceded the filing of the lawsuit so that it was an indispensable party at the inception of the suit. Therefore, the reasoning of *Westra* is inapplicable here.

Since we find that we lack supplemental jurisdiction over Travelers-WC's proposed intervention, that Travelers-WC is an intervenor as of right and an indispensable party, Rule 19(b) dictates that we determine whether in "equity and good conscience" the lawsuit should proceed without Travelers-WC's presence or "should be dismissed." FED.R.CIV.P. 19(b). Excluding Travelers-WC from this lawsuit would have the ultimate effect of depriving it of any way to recoup payments made to plaintiff and we, therefore, cannot allow the action to proceed and must recommend that this matter be dismissed without prejudice.[5]

---

[4] The court did, however, deny the motion to intervene after conducting a Rule 24(a)(2) analysis and determining that the potential intervenor did not have a sufficient interest in the litigation to allow intervention. *Id.* at 202.

[5] Travelers-WC asks this court to remand the case to state court rather than dismiss without prejudice. Doc. 22, p. 13. We are aware that other courts have relied on 28 U.S.C. § 1447(e) to remand, rather than dismiss, suits involving a plaintiff-intervenor found to be indispensable under Rule 19(b). *See, e.g.*, *Combs v. Southland Process Group L.L.C.*, 2017 WL 3405321 at *6, n. 1 (W.D. La., July 10, 2017). Section 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State Court." As we previously noted in *Brown v. Sullair, LLC*, 2015 WL 9261354 at *4 (W.D. La., Nov. 17, 2015), "this applies only to what happens after removal when plaintiff seeks to join additional non-diverse **defendants**. Rule 19(b), on the other hand, quite clearly requires dismissal when 'a person who is required to be joined ... cannot be joined.'" (emphasis in original). *See also Grizer v. CF Industries, Inc.*, 2017 WL 2608860 at *6, n. 25 (M.D. La., May 26, 2017) (finding no contrary authority to support remand).

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Amended Motion for Leave to File Complaint of Intervention [doc. 22] be **GRANTED** and that all claims be **DISMISSED WITHOUT PREJUDICE** pursuant to the provisions of Rule 19 of the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. § 636 Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429-30 (5th Cir.1996).

THUS DONE AND SIGNED in Chambers this 4th day of March, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE