UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MICHAEL FUSELIER ET AL** | **CASE NO.  2:19-CV-01456** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **EVEREST NATIONAL INSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the Court is  "Defendant Travelers Property Casualty Company of America's Motion for Summary Judgment" (Rec. 32) filed by Travelers Property Casualty Company of America ("Travelers-UM") wherein the mover seeks to be dismissed from this lawsuit pursuant to Rule 56 of the Federal Rules of Civil Procedure. Also, before the Court is an Amended Motion for Leave to File Complaint of Intervention without Opposition[1] filed by Travelers Property Casualty Company of America ("Travelers-WC") and a Report and Recommendation (Rec. 26) by the Magistrate Judge that recommends that the Amended Motion to Intervene be granted.  However, if the Court accepts the recommendation and allows Travelers-WC to intervene and be aligned as Plaintiffs, diversity will be destroyed and the case would be dismissed without prejudice pursuant to Rule 19 of the Federal Rules of Civil Procedure. If this Court grants Travelers-UM's Motion for Summary Judgment and dismisses this Defendant, diversity is not destroyed, and the Court will have diversity

---

[1] Rec. 22. Travelers Property Casualty Company of America is the worker's compensation insurer for Evoqua, Mr. Fusilier's employer, which provided medical and indemnity coverage to Fuselier. (hereinafter referred to as "Travelers-WC") Travelers WC alleges that it is subrogated to the rights of Mr. Fuselier and moves to intervene to be reimbursed for any benefits it paid. Rec. 16, att. 1, and ¶ 8.

jurisdiction over the matter. Finally, before the Court is a "Motion for an Order Deeming Travelers' Motion for Summary Judgment to be Unopposed" (Rec. 36).

## FACTUAL STATEMENT

On October 22, 2018, Plaintiff Michael Fuselier was involved in an automobile accident in which he claims he was injured. At the time of the accident, Mr. Fuselier was in the course and scope of his employment for Evoqua Water Technologies ("Evoqua"). Plaintiffs filed suit and named defendants Everest National Insurance Company, Steel Painters, Inc., Jeffery Deshotels and Travelers-UM. Mr. Deshotels was employed by Steel Painters, Inc. and is alleged to be the party at fault for the accident.

In his Petition for Damages, Plaintiffs allege that Travelers-UM provided a policy of uninsured/underinsured motorist coverage and that the policy was in full force and effect at the time of the accident.[2] In December 2016, Beth Huffner was the Manager of Corporate Risk and Insurance of Evoqua.[3] Ms. Huffner was Evoqua's authorized representative with regard to the negotiation and application for a procurement of automobile liability insurance coverage. Ms. Huffner was authorized by Evoqua to reject and/or waive uninsured/underinsured motorist coverage ("UM coverage") on any and all auto liability policies issued to Evoqua.[4]

---

[2] Petition for Damages, ¶ 8, Rec. 1.
[3] Defendant's exhibit A.
[4] Id.

From April 2016 to the present, Evoqua's practice was to waive and/or reject UM coverage on its automobile liability policies in all states where those coverages may be waived and/or rejected.[5]

On December 26, 2016, on behalf of Evoqua, Ms. Huffner expressly rejected UM coverage via a Louisiana UM rejection form for Travelers policy number TC2J-CAP-8B35079-0-TIL-16.[6] On behalf of Evoqua, Ms. Huffner executed the UM waiver/rejection form, with the intention of rejecting Louisiana UM coverage for Evoqua and all other parties that may qualify as insureds on Travelers policy TC2J-CAP-8B35079-0-TIL and all renewal policies to which that waiver/rejection form may apply, including policy umber TCJ2-CAP-8B35079-0-TIL-17.[7]

Travelers policy number TCJ2-CAP-8B35079-0-TIL-17 was a renewal of policy of TCJ2-CAP-8B35079-0-TIL-16. The liability limits remained the same on both policies.[8]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

---

[5] Id.
[6] Id., A-1.
[7] Id.
[8] Defendant's exhibit A, B, B-1, C, C-1.

The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

Travelers-UM has submitted the following summary judgment evidence to establish that Evoqua, Michael Fusilier's employer, validly rejected Louisiana UM coverage:

- Affidavit of Beth Huffner, authorized representative of Evoqua, confirming that Evoqua waived Louisiana UM coverage.[9]

- Affidavit of Austin Buck or Travelers-UM identifying policy T2CJ-CAP-8B350790-TIL-16.[10]

- Policy T2CJ-CAP-8B350790-TIL-16.[11]

- Affidavit of Austin Buck of Travelers identifying policy T2CJ-CAP-8B350790-TIL-17.[12]

- True and correct copy of Travelers policy T2CJ-CAP-8B350790-TIL-17, the renewal auto liability policy in effect at the time of the accident.[13]

- Louisiana UM Rejection Form for Travelers policy TC2J-CAP-8B35079-0-TIL-16.[14]

It is undisputed that Travelers provided auto liability coverage to Evoqua during the relevant policy period. It is undisputed that Beth Huffner, the Manager of Corporate Risk and Insurance for Evoqua expressly rejected UM coverages offered by Travelers-UM during the relevant policy period.[15] It is also undisputed that Travelers auto policies issued to Evoqua, including the policy in effect at the time of the accident did not contain any endorsement providing Louisiana UM coverage and that Louisiana UM coverage was

---

[9] Defendant's Exhibit A.
[10] Defendant's Exhibit B.
[11] Id.
[12] Defendant's Exhibit C.
[13] Id.
[14] Defendant's Exhibit A-1.
[15] Rejection Form dated 12/26/16, attached to Huffner Affidavit as Exhibit A-1.

validly rejected by Evoqua on the Travelers policy in effect at the time of the accident at issue herein.

In her Report and Recommendation addressing Travelers-WC's Amended Motion to Intervene[16] and proposed Petition for Intervention, Travelers-WC alleges that it is the worker's compensation insurer for Evoqua, Plaintiff Michael Fuselier's employer, and that Travelers-WC provided medical and indemnity coverage to Mr. Fuselier. Travelers-WC alleges that it is subrogated to the rights of Mr. Fuselier and is entitled to intervene to be reimbursed for any benefits it paid.[17] The Magistrate Judge concluded that Travelers-WC was an indispensable party, whose interests were aligned with Plaintiffs, and thus should be allowed to intervene. However, because Travelers-WC and Travelers-UM were both domiciled in the same state (Connecticut), the Magistrate Judge also recommended that the lawsuit be dismissed without prejudice because diversity of citizenship would be destroyed by the intervention of Travelers-WC.

The undersigned issued an order that held in abeyance a decision on the Report and Recommendation in order[18] for Travelers-UM to file the Motion for Summary Judgment considered herein. Having now considered that Motion and finding that Travelers-UM should be dismissed with prejudice from this lawsuit, the relevant portion of the Report and Recommendation that addressed the absence of diversity is now moot.

Finally, Travelers-UM requests that this Court issue an order noting that Plaintiffs have not filed an opposition to its Motion for Summary Judgment. The Court hereby notes

---

[16] Rec. 16.
[17] Id. at ¶ 8.
[18] Rec. 31.

that the record reflects that Plaintiffs have not opposed Travelers-UM's Motion for Summary Judgment.

## CONCLUSION

Based on the foregoing undisputed summary judgment evidence, the Court finds that Travelers-UM did not provide UM coverage during the relevant policy period. Consequently, Travelers-UM is entitled to summary judgment as a matter of law and the Motion for Summary Judgment will be granted, dismissing this Defendant with prejudice at Plaintiff's cost.

The Court adopts the Report and Recommendation as to Travelers-WC's Motion to Intervene, however it is rejected as to the recommended dismissal of this lawsuit.

The Court will also grant Travelers-UM's Motion for an Order Deeming Travelers' Motion for Summary Judgment to be Unopposed.

**THUS DONE AND SIGNED** in chambers on this 29th day of June, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**