UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MICHAEL FUSELIER ET AL**          **CASE NO. 2:19-CV-01456**

**VERSUS**                          **JUDGE JAMES D. CAIN, JR.**

**EVEREST NATIONAL INSURANCE CO     MAGISTRATE JUDGE KAY
ET AL**

## MEMORANDUM ORDER

Before the Court is "Plaintiffs' Motion in Limine" (Doc. 47) wherein Plaintiffs move to prohibit Defendant, Everest National Insurance Co ("Everest") from referencing, mentioning, or introducing at trial the following evidence:

- Past medical bills paid by Plaintiffs' health insurance, or by Plaintiff's attorney;

- Medicals bills paid by workers' compensation;

- Objections to Plaintiffs' "unit of time" arguments;

- Evidence of timing of hiring an attorney;

- Evidence not made known;

- Payment of medical bills:

- Non-taxability of damages;

- Attorney file materials;

- Financial "hurt" from adverse verdict;

- Probable testimony of absent witness; and

- Filing of a motion in limine.

*Collateral source rule*

Plaintiffs through counsel moves to prevent Defendant from introducing evidence of portions of Plaintiff's past medical bills paid by Plaintiffs' health insurance, or by Plaintiffs' attorney. The Louisiana Supreme Court has explained:

> Under the collateral source rule, a tortfeasor may not benefit, and an injured plaintiff's tort recovery may not be reduced, because of monies received by the plaintiff from sources independent of the tortfeasor's procuration or contribution. Hence, the payments received from the independent source are not deducted from the award the aggrieved party would otherwise receive from the wrongdoer, and, a tortfeasor's liability to an injured plaintiff should be the same, regardless of whether or not the plaintiff had the foresight to obtain insurance. As a result of the collateral source rule, the tortfeasor is not able to benefit from the victim's foresight in purchasing insurance and other benefits.

*Bozeman v. State,* 879 So.2d 692, 698 (La. 7/2/04).

Defendant complains that Plaintiffs' request is a blanket prohibition on all evidence that Plaintiffs have "received benefits or payments from collateral sources independent of a tortfeasor's procuration or contribution."[1] Specifically, Plaintiffs seek to exclude evidence of health insurance that paid a portion of Plaintiff's medical bills, and/or medical bills paid by Plaintiffs' attorney. The Court agrees that the collateral source rule applies to payments of medical expenses by Plaintiff's health insurer and/or attorney, and thus this evidence will be excluded at trial.

*Medicals bills paid by workers' compensation*

Plaintiffs seek to exclude the introduction of evidence at trial as to the future reduction of Plaintiff's medical expenses owing to the fact that Plaintiff, Michael Fusilier,

---

[1] Plaintiff's Memorandum in Support of Motion in Limine, ¶ 3, Doc. 47.

is receiving workers' compensation benefits. Mr. Fusilier maintains that he is entitled to recover future medical expenses without reduction under the workers' compensation schedule. Mr. Fusilier relies on *Allen & Norman, LLC v. Chauvin,* 916 So.2d 1071 (La.App. 1 Cir. 6/29/05) wherein the court held:

> Because Chauvin's injuries result from a third party's tortious actions, and the health care provider seeks to enforce its privilege on the net amount payable to the injured person, we conclude the medical treatment furnished by the Clinic does not constitute medical treatment exclusively "due under the Workers' Compensation Act" as contemplated by La. R.S. 23:1034.2(A).

*Id.* at 1075.

The Court held that Chauvin's recovery of fees in excess of the Workers' Compensation reimbursement schedule was not limited by the schedule because the medical treatment furnished by the medical provider did not constitute medical treatment exclusively "due under the Workers' Compensation Act" as contemplated by Louisiana Revised Statute 23:1034.2A. The Court agrees with Plaintiffs. Mr. Fusilier is entitled to recover the undiscounted amount for future medical expenses. As such, Defendant will be prohibited from introducing evidence that Mr. Fusilier future medical bills that are paid by the workers' compensation carrier, will be reduced or discounted in accordance with the Louisiana workers' compensation schedule.

*Objections to Plaintiff's "unit of time" arguments*

Plaintiffs remark that it intends to introduce evidence of Plaintiff's life expectancy based on life expectancy tables. Defendants argue that Plaintiffs are asking the Court to proactively overrule Defendants' objection as to their "unit of time" argument. The "unit

of time" argument is an argument which suggests that a plaintiff's general damages or "pain and suffering" can be measured in dollars on a unit of time bases citing *Baron Tube Co. v. Transp. Ins. Co.*, 365 F.2d 858, 864 (5th Cir. 1966).

Defendants rely on *Christopher v. DePuy Orthopaedics, Inc. (In re DePuy Orthopaedics, Inc.),* 888 F.3d 753, 787 (5th Cir. 2018) which held that unit-of-time arguments are impermissible because they can lead the jury to believe that the determination of a proper award for pain and suffering is a matter of precise and accurate determination and not, as it really is, a matter to be left to the jury's determination, uninfluenced by arguments and charts. The Court finds that ruling on Plaintiff's "unit of time" argument at this juncture without having heard the specifics of the argument, other than Plaintiff intends to introduce life expectancy tables, is premature and will defer ruling until the trial of this matter.

*Evidence not made known*

Plaintiffs seek to prohibit Defendant from presenting evidence before the jury which has not been made known prior to trial, unless it is proper impeachment evidence. The Court finds that it is premature at this juncture and will defer ruling until the trial.

*Evidence of timing of hiring an attorney*

Plaintiffs move to prohibit Defendants from inquiring at the trial of this matter when he hired an attorney. Plaintiff maintains that such an inquiry is irrelevant. The Court will defer ruling if and until this issue is raised at the trial of this matter.

*Non-taxability of damages*

Plaintiffs seek to prevent Defendants from alleging that the jury should consider the taxability of Plaintiffs' award for damages, if any. Defendants concede that they may not ask the jury to reduce any damage award on account of the fact that such award will not be taxed, but requests that a jury instruction that the damage award will not be taxed.

Considering Defendants' concession and noting that the jury instructions have not been proposed, the Court will defer ruling on this issue if it becomes necessary.

*Attorney file materials*

Plaintiffs seek to preclude Defendants from implying to the jury that there are materials in Plaintiffs' counsel's file or possession which should be produced. Without any specifics as to what Plaintiffs are concerned about, the Court is unable to rule on this issue, and will defer such ruling until the trial of this matter should it become necessary.

*Financial "hurt" from adverse verdict*

Plaintiffs move to exclude any evidence of Defendants' "financial hurt" from being cast in judgment. Defendants have no objection but reserve their right to counter any arguments made by Plaintiffs regarding Defendants' "deep pockets" or ability to pay at trial. Considering Defendants' concession that this type of evidence is irrelevant, the Court finds this type of evidence is inadmissible, but grants Defendants' reservation of a right to counter any arguments by Plaintiffs as to "deep pockets" or ability to pay at trial.

*Probable testimony of absent witness*

Plaintiffs move to preclude Defendants from implying that any absent witness, or witness not called to testify, would have testified adversely to Plaintiffs. Without knowing

the specifics, the Court finds it premature to rule on this issue and will defer to any ruling should it become necessary at trial.

*Filing of a motion in limine*

Plaintiffs maintain that the jury should not be informed that Plaintiff that it filed a motion in limine. The Court will defer ruling on this issue if it becomes necessary at the trail of this matter.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion in limine is **GRANTED** in part and **DENIED** in part. The motion is granted to the extent that Defendants will be prohibited from (1) informing the jury that Plaintiff had health insurance which paid a portion of his medical bills and that some of his medical bills were paid by his attorney, (2) introducing evidence that Plaintiff's future medical bills paid by the workers' compensation carrier, will be reduced or discounted in accordance with the Louisiana workers' compensation schedule, (3) introducing any evidence of Defendants' "financial hurt" from being cast in judgment, but reserving Defendants' right to counter any arguments made by Plaintiffs regarding Defendants' "deep pockets" or ability to pay at trial; otherwise the Court will defer ruling on the remaining issues if and when they present themselves at the trial of this matter.

**THUS DONE AND SIGNED** in Chambers on this 26th day of July, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATE DISTRICT JUDGE**