UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

MICHAEL FUSELIER, ET AL                    CASE NO.  2:19-CV-01456

VERSUS                                      JUDGE JAMES D. CAIN, JR.

EVEREST NATIONAL INSURANCE          MAGISTRATE JUDGE KAY
COMPANY, ET AL

## MEMORANDUM ORDER

Before the Court is a "Motion in Limine to Exclude the Reports, Opinions, and Testimony of Dr. Todd Cowen" [doc. 48] filed by Defendants Everest National Insurance Company ("Everest"), Steel Painters, LLC ("Steel"), and Jeffery Deshotels (collectively referred to as "Defendants"). Plaintiff opposes the motion [doc. 52] and has submitted a Motion for Hearing. Doc. 55.

### I.    BACKGROUND

This suit arises from a motor vehicle accident that occurred on October 22, 2018, in Calcasieu Parish, Louisiana. Doc. 1. Plaintiff Michael Fuselier alleges that he was driving westbound on the Interstate 10 South service road when a truck driven by Defendant Jeffery Deshotels made a left-hand turn in front of Plaintiff causing a head-on collision. *Id.* Plaintiff filed this personal injury suit against Jeffery Deshotels, his employer, Steel Painters, LLC ("Steel"), and his employer's insurer, Everest National Insurance Company ("Everest"), in the 14th Judicial District Court, Calcasieu Parish, Louisiana. Defendants

then removed the suit to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1.

Defendants now bring this motion in limine seeking to exclude the testimony of Plaintiff's expert life care planner, Dr. Todd Cowen. Doc. 48. Specifically, Defendants argue that Dr. Cowen's opinions regarding the following costs should be excluded because they are not based on the testimony from Plaintiff's treating physicians: (1) future fusion surgeries; (2) future lumbar and cervical epidural steroid injections; and (3) future estimated drug costs. Doc. 48-1. Defendants further contend that Dr. Cowen's testimony should be excluded under Federal Rule of Evidence 403 because it is cumulative, misleading, and confuses the issues. Doc. 48-1. In response, Plaintiff argues that Dr. Cowen's opinions should not be excluded because they are based on Plaintiff's medical records, a telephone interview conducted with Plaintiff, and published, peer-reviewed literature regarding standards of practice for life care planning. Doc. 52. Furthermore, Plaintiff maintains that Dr. Cowen's credentials as a board-certified Physical Medicine and Rehabilitation Physician and a Certified Physician Life Care Planner qualify him to opine on Plaintiff's future healthcare needs. *Id.*

## II.   LAW & APPLICATION

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of

unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford,* 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.,* 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan,* 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.,* 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson,* 277 F.Supp.3d 860, 863 (M.D. La. 2017).

### A. Governing Law

Under the Federal Rules of Evidence, a district court has discretion to admit or exclude expert testimony. *General Elec. Co. v. Joiner,* 522 U.S. 136, 139 (1997). The Supreme Court has announced that Rule 702 requires a district court to act as a gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm.,* 509 U.S. 579, 589 (1993). Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

"The reliability inquiry requires a court to assess whether the reasoning or methodology underlying the expert's testimony is valid." *Durr v. GOL, LLC,* 2019 WL 646471, at *2 (E.D. La. Dec. 2, 2019) (citing *Daubert,* 509 U.S. at 592–93)). To assist the court in evaluating reliability, the Supreme Court set forth a non-exclusive list of considerations: (1) whether the theory has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) the general acceptance of the methodology in the scientific community. *Id.* at 592–95. The proponent of the testimony must establish its reliability by a preponderance of the evidence. *See Moore v. Ashland Chem. Inc.,* 151 F.3d 269, 276 (5th Cir. 1998).

The district court must also determine whether the expert's methodology comports with the facts of the case and whether it will help the trier of fact to understand the evidence. *Daubert,* 508 U.S. at 591. An expert's testimony is not relevant and excludable if it regards an issue that is "well within the common sense understanding of jurors or requires no expert testimony." *Durr,* 2019 WL 646471, at *2 (quoting *Vogler v. Blackmore,* 352 F.3d 150, 156 (5th Cir. 2003)). Moreover, expert testimony is excludable if it "makes legal

conclusions reserved for the court, improperly credits or discredits witness testimony, [or] otherwise makes factual determinations reserved for the trier of fact." *Highland Capital Mgmt., L.P. v. Bank of Am., N.A.,* 574 F. App'x 486, 491 (5th Cir. 2014).

Finally, Rule 702 requires that a witness be qualified to offer expert opinions. The district court may admit an expert's testimony "if there is some reasonable indication of qualifications," and "then the expert's qualifications become an issue for the trier of fact. *Durr,* 2019 WL 646471, at *2 (citing *Rushing v. Kan. City S. Ry.,* 185 F.3d 496, 507 (5th Cir. 1999)). Importantly, "[a] witness qualified as an expert is not strictly confined to his area or practice but may testify regarding related applications," and "a lack of specialization goes to the weight, not the admissibility of the opinion." *Durr,* 2019 WL 646471, at *2 (citing *Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.,* 753 F. App'x 191, 195–96 (5th Cir. 2018)).

### B. Application

Defendants seek to exclude certain opinions offered by Dr. Cowen, Plaintiff's expert life care planner. Doc. 48. It is undisputed that Dr. Cowen is both a medical doctor and a qualified life care planner. Two courts in the Eastern District of Louisiana recently found that, based on such credentials, Dr. Cowen could offer opinions regarding the plaintiffs' future healthcare needs. *See Durr v. GOL, LLC,* 2019 WL 646471, at *4 (E.D. La. Dec. 2, 2019); *Barrios v. Centaur LLC,* 2019 WL 424679, at *4 (E.D. La. Feb. 1, 2019). In *Durr v. GOL, LLC,* the court emphasized that Dr. Cowen "used his expertise in both areas to formulate his opinions regarding [the plaintiff's] future healthcare needs" and that "those

opinions seem[ed] to be consistent with either the recommendations of [the plaintiff's] treating physicians . . . or an arguable standard of care." *Durr,* 2019 WL 6464971 at \*4. Similarly, other district courts in the Fifth Circuit "have found that there is no requirement that an expert life care planner consult with treating physicians or independent medical doctors before formulating a life care plan." *Durr,* 2019 WL 6464971 at \*4 (citing *Green v. Polyester Fibers, LLC,* 2015 WL 6158813, at \*2 (N.D. Miss. Oct. 20, 2015) (holding that qualified life care planner's interview with plaintiff and review of medical records were sufficient allow expert to opine on plaintiff's future healthcare needs); *Hegwood v. Ross Stores, Inc.,* 2007 WL 9711993 at \*4 (N.D. Tex. Jan. 17, 2007)).

Defendants primarily rely on *Snider v. N.H. Insurance Co.,* 2016 WL 3193473, at \*2 (E.D. La. June 9, 2016), and *Lawrence v. Great Lakes Dredge & Dock Co.,* LLC, 2019 WL 9045085, at \*1 (E.D. La. April 24, 2019), for the proposition that Dr. Cowen's status as a licensed physician does not allow him to recommend medical treatment to anyone who he is not actively treating. Doc. 61-1. In *Snider v. N.H. Insurance Co.,* the court noted that life care planners are allowed to "testify as to future healthcare needs, predicated upon the testimony of treating physicians as to the reasonable need for such care, and the cost of such care." 2016 WL 3193473, at \*2. The court further noted that the life care planner in that case would not be allowed to testify if she could not "specifically identify the treating physician upon whose report or testimony she relies prior to testifying as to the need for and future costs of that care." *Id.*

In *Lawrence v. Great Lakes Dredge & Dock Co.,* the defendant moved to exclude the testimony of the plaintiff's expert life care planner on the grounds that the expert's opinions did not "emanate" from a treating physician. 2019 WL 9045085, at *2. In Lawrence—as here—the expert life care planner was also a licensed physician. *Id.* The court deferred ruling on the motion until trial, noting that the expert's testimony would "be inadmissible if [she could not] demonstrate that she applied her expertise to relevant, case-specific facts. *Id.* The court further noted, however, that assuming the plaintiff could demonstrate that the expert did apply her expertise to case-specific facts, then the defendant's "other objections and criticisms are best resolved through cross-examination." *Id.* Importantly, the court expressed concern with the fact that the expert's initial report "never reference[d] specific diagnoses, prognoses, treatment sources, medical records, or other information necessary to establish a factual basis for any item in the life care plan." *Id.*

Here, Dr. Cowen testified that his opinions are based upon his review of Plaintiff's medical records as presented by treating physicians, his MRI studies, as well as his telephonic interview of Plaintiff. Doc. 52-1, pp. 52–54. Dr. Cowen's report further explains that in formulating his opinions, he considered published literature and relied upon his "education, training, skill and professional experience as a practicing medical doctor, Board Certified Physical Medicine & Rehabilitation Specialist, Board Certified Pain Medicine Specialist, Certified Life Care Planner and Certified Physician Life Care Planner, as well as a reasonable degree of medical probability." Doc. 48-2, p. 41. Thus, the Court is

satisfied that Dr. Cowen used his expertise as a licensed medical doctor and a certified physician life care planner in formulating his opinions regarding Plaintiff's future medical treatment needs, and those opinions appear to be supported by either the cited medical records of Plaintiff's treating physicians or an arguable standard of care.

Finally, Defendants object to Dr. Cowen's calculation of Plaintiff's future estimated drug costs. Doc. 48-1. In calculating Plaintiff's future prescription drug costs, Dr. Cowen averaged the prices of generic and name-brand medications to determine a total cost. Defendants maintain that this calculation is improper because Dr. Cowen considered neither whether Plaintiff is currently taking name-brand medications, nor whether Plaintiff will require name-brand medications in the future. However, Dr. Cowen testified that averaging name-brand and generic drug costs is standard practice and that such methodology is employed to avoid either over-representing or under-representing average prices. Indeed, Defendants' "concerns regarding the bases of Cowen's opinions can be addressed through cross-examination of Cowen and the presentation of countervailing testimony, as those issues go to the weight, not the admissibility, of Cowen's testimony." *Durr,* 2019 WL 6464971 at \*4 (citing *Primrose Operating Co. v. Nat'l Am. Ins. Co.,* 382 F.3d 546, 562 (5th Cir. 2004)). Accordingly, Defendants' motion to exclude Dr. Cowen is DENIED.

## III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion in Limine [doc. 48]

be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 26th day of July, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**